**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1865-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PHILIP S. PATRICK,

     Defendant-Appellant.

_____

Submitted November 28, 2023 – Decided January 25, 2024

Before Judges Whipple, Enright and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 10-02-0181.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the briefs).

William A. Daniel, Union County Prosecutor, attorney for respondent (Meredith L. Balo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Philip S. Patrick appeals from a January 3, 2022 order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

A jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2), second-degree possession of a weapon (firearm) for an unlawful purpose, N.J.S.A. 2C:39-4(a), and third-degree unlawful possession of a weapon (handguns), N.J.S.A. 2C:39-5(b). He was sentenced to an aggregate fifty-five year prison term, subject to an eighty-five percent parole ineligibility period under the No Early Release Act, N.J.S.A. 2C:43-7.2.

Following the convictions, defendant filed a direct appeal. As relevant here, he argued "the court erroneously instructed the jury regarding 'causation' in response to a question about the murder charge instruction." State v. Patrick, A-5597-13 (App. Div. Oct. 18, 2016) (slip op. at 14), certif. denied, 228 N.J. 506 (2017). We rejected the argument, concluding

> [t]he failure of the trial court to instruct a jury on the difference between accomplice and principal murder was not error, because the evidence presented at trial and the theory proposed by the defense does not support a conclusion that the jury might have harbored a doubt about whether defendant had committed the murder by his own conduct. . . .

2

Here, the jury was not charged on accomplice liability, and the State, in summation, argued that defendant was the only person who could have killed the victim. Numerous witnesses testified defendant was the only person who was with the victim when he was killed and Edwin Price testified defendant admitted to personally killing the victim. The judge's instructions were not clearly capable of producing an unjust result.

[Id. at 16.]

Thereafter, defendant filed his first PCR petition. Defendant's requested relief was denied. On appeal, he "raised several assertions of ineffective assistance of trial counsel, including his lawyer's failure to adequately address the issue of accomplice liability." State v. Patrick, A-4098-18 (App. Div. Feb. 19, 2021) (slip op. at 2), certif. denied, 249 N.J. 451 (2022). "Defendant also asserted his trial counsel should have objected to certain testimony from [a] prosecution witness[] . . . Monroe, defendant's girlfriend." Ibid. We affirmed the denial of the petition for the reasons expressed in the trial judge's thorough written opinion. Ibid.

## II.

Here, defendant appeals the denial of his second PCR petition, raising the following arguments for our consideration:

POINT I

AS DEFENDANT HAD SHOWN THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL AND FIRST PCR COUNSEL, THE PCR COURT ERRED BY DENYING DEFENDANT'S PCR PETITION WITHOUT AN EVIDENTIARY HEARING.

(1) FIRST PCR COUNSEL WAS INEFFECTIVE BY FAILING TO ARGUE THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PROVIDE HIS CLIENT WITH A VIGOROUS DEFENSE.

(2) FIRST PCR COUNSEL WAS INEFFECTIVE FOR FAILING TO ALLEGE THAT TRIAL COUNSEL FAILED TO MOVE FOR A MISTRIAL AFTER THE STATE[] CONCEDED THE EVIDENCE DID NOT SUPPORT PRINCIPAL LIABILITY.

(3) AS THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE, THE PCR COURT SHOULD HAVE HELD AN EVIDENTIARY HEARING BEFORE ADJUDICATING DEFENDANT'S SECOND PCR PETITION.

POINT II

THE PCR COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION FOR A NEW TRIAL ON THE GROUNDS OF NEWLY DISCOVERED EVIDENCE.

4

"P[CR] relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). PCR provides a "built-in 'safeguard that ensures that a defendant [is] not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).

"A petitioner must establish the right to [PCR] by a preponderance of the credible evidence." Preciose, 129 N.J. at 459 (citations omitted). "Our standard of review is necessarily deferential to a PCR court's factual findings. . . . [However,] we need not defer to a PCR court's interpretation of the law; a legal conclusion is reviewed de novo." Nash, 212 N.J. at 540-41.

"A petitioner is generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal, R. 3:22-4(a), or that has been previously litigated, R. 3:22-5." Id. at 546. Rule 3:22-5 provides:

> A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . .
>
> [R. 3:22-5.]

"PCR will be precluded 'only if the issue is identical or substantially equivalent' to the issue already adjudicated on the merits." State v. Afanador, 151 N.J. 41,

51 (1997) (citing McQuaid, 147 N.J. at 482 (quoting Picard v. Connor, 404 U.S. 270, 276-77 (1971))).

"[T]rial courts ordinarily should grant evidentiary hearings to resolve ineffective-assistance-of-counsel claims if a defendant has presented a prima facie claim in support of [PCR]." Preciose, 129 N.J. at 462. "[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. 462-63.

In his second PCR petition, defendant argues ineffective assistance of trial and first PCR counsel. "Those accused in criminal proceedings are guaranteed the right to counsel to assist in their defense." State v. Gideon, 244 N.J. 538, 549 (2021) (citing U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10).

> To satisfy the right to counsel guaranteed by our Federal and State Constitutions, it is not enough "[t]hat a person who happens to be a lawyer is present at trial alongside the accused," rather the right to counsel has been interpreted by the United States Supreme Court and [the New Jersey Supreme] Court as "the right to the effective assistance of counsel."
>
> [Id. at 550 (quoting Strickland v. Washington, 466 U.S. 668, 685-86 (1984)).]

To establish a prima facie claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland.[1]

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.
>
> [Strickland, 466 U.S. at 687.]

Here, defendant also sought a new trial based on newly discovered evidence. In that regard, we note:

> [A] movant seeking a new trial based on newly discovered evidence must demonstrate that the evidence is, indeed, newly discovered; a new trial is warranted only if the evidence is "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted."

---

[1] The New Jersey Supreme Court adopted the Strickland standard in State v. Fritz, 195 N.J. 42, 58 (1987).

[State v. Szemple, 247 N.J. 82, 99 (2021) (citing Nash, 212 N.J. at 549 (quoting State v. Carter, 85 N.J. 300, 314 (1981))).]

III.

Applying the applicable legal standards and having reviewed the record on appeal, we are convinced defendant failed to establish a prima facie right to PCR or a right to a new trial.

A.

In Point I, defendant argues his first PCR counsel was ineffective because he failed to argue that "trial counsel was ineffective for failing to provide [defendant] with a vigorous defense." Defendant specifically contends trial counsel was ineffective because he failed to: (1) "object to the State's closing remarks[,]" "that defendant was the shooter[,] notwithstanding [the State's] acknowledgment that the shots were fired from a different angle from which defendant was standing"; (2) "ask for an instruction that limited the jury's consideration only to principal liability" after "[t]he trial court had denied the State's motion to instruct the jury on accomplice liability"; and (3) "properly preserve the matter for direct appeal." We disagree.

We conclude defendant's arguments are misguided because they overstate the State's position. The State never conceded or "acknowledged" defendant

was not the shooter. Instead, the State sought to pursue a theory of defendant "as a principal . . . and/or accomplice." In supporting the argument for accomplice liability, the State argued there was "very strong circumstantial evidence that a third party may have been involved." However, the trial judge found there was nothing "more than speculation that somebody else was the shooter . . . ." Therefore, the trial judge refused "to charge the jury on accomplice or co-conspirator liability." Consequently, we are convinced trial counsel's representation was not deficient because there was no basis to object to the State's closing regarding defendant's principal liability.

Further, we conclude defendant's argument—that trial counsel was ineffective because counsel did not request a limiting instruction as to principal liability only—is precluded because it is "identical to or substantially equivalent," Afanador, 151 N.J. at 51, to the arguments he made on direct appeal and in the first PCR. In our review of defendant's direct appeal, we held "[t]he failure of the trial court to instruct a jury on the difference between accomplice and principal murder was not error . . . ." State v. Patrick, A-5597-13 (App. Div. Oct. 18, 2016) (slip op. at 16). In addition, in our opinion denying defendant's first PCR, we rejected his arguments regarding "his lawyer's failure to

adequately address the issue of accomplice liability." State v. Patrick, A-4098-18 (App. Div. Feb. 19, 2021) (slip op. at 2).

Therefore, we are satisfied that defendant failed to sustain his prima facie burden that first PCR counsel's representation was deficient in failing to raise deficiencies in trial counsel's representation.

## B.

We, similarly, reject defendant's argument that "first PCR counsel was ineffective for failing to allege that trial counsel failed to move for a mistrial after the State[] conceded the evidence did not support principal liability." We reiterate that defendant's argument overstates the State's position. The State never conceded or "acknowledged" defendant was not the shooter. Therefore, we conclude defendant failed to sustain his burden that first PCR counsel's representation was deficient for failing to allege trial counsel's representation was deficient for failing to move for a mistrial.

## C.

Defendant argues the second PCR judge erred by not holding an evidentiary hearing. We disagree. Even "view[ing] the facts in the light most favorable to . . . defendant" he failed to "present[] a prima facie claim in support

10

of [PCR]." Preciose, 129 N.J. at 462-63. Therefore, the second PCR judge did not err in concluding no evidentiary hearing was warranted.

D.

Defendant next argues the PCR judge erred in denying his request for a new trial. He avers that "[s]econd PCR counsel told the PCR court that Monroe had emailed defendant via the J-Pay email system. In those emails Monroe said that she had been coerced to testify falsely that defendant was a gang member."

Accordingly, defendant argues he has established all three factors for a new trial. See Szemple, 247 N.J. at 99. He contends "Monroe's recantation . . . [(1)] was 'material' and not merely cumulative"; (2) "w[as] not . . . available to the defense at the time of trial"; and (3) "would have a reasonable probability of changing the outcome of the case." We are not convinced.

In our opinion on defendant's direct appeal, we stated:

> During the testimony of [Monroe], who explained defendant was a member of G-Shine, the trial judge explained defendant's gang affiliation was a question for the jury to determine. The evidence "is only being admitted for one purpose and one purpose only . . . as it reflects on motive to commit the crime charged here, and you[ are] only to consider it as it reflects on motive and not for any other purpose whatsoever."
>
> [State v. Patrick, A-5597-13 (App. Div. Oct. 18, 2016) (slip op. at 20).]

11

Initially, while we accept, for purposes of this argument, defendant's assertion that he was unable to print the purported email, we agree with the second PCR judge that "it is questionable whether this alleged statement even constitutes newly discovered evidence." The judge noted, absent from the record, was "any report, affidavit, or certification containing an actual statement by . . . Monroe." Instead, "defense ha[d] only produced [defendant]'s unsupported claim that he received an email from . . . Monroe."

Moreover, we agree with the judge that even assuming the claimed email rose to the level of evidence, it failed to pass muster under factors one and three. Ibid. The purported email as to defendant's gang affiliation was "cumulative." Ibid. Indeed, as the judge found, "[i]n addition to . . . Monroe, the prison inmate testified about [defendant]'s gang affiliation and provided significant details relating to same" and "one gang culture expert read portions of letters written by [defendant] in jail in which [he] talked about the G-Shine gang's procedures for dealing with 'snitches.'"

Further, we are convinced that Monroe's recantation "would [not] have a reasonable probability of changing the outcome of the case." Ibid. As the judge explained, "if . . . Monroe's testimony had never occurred at trial, there was other evidence provided to establish petitioner's gang involvement, and evidence of

12

his gang involvement was only collateral to the direct evidence of petitioner's guilt." We agree.

To the extent we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1865-21